UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 00-4894

SHARON SONIA CARNEGIE,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-90-364-A)

Submitted: December 13, 2001

Decided: December 28, 2001

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Anthony G. Spencer, MORCHOWER, LUXTON & WHALEY, Richmond Virginia; Scott Brettschneider, Kew Gardens, New York, for Appellant. Paul J. McNulty, United States Attorney, Rebeca Hidalgo Bellows, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Sharon Sonia Carnegie appeals her conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999), and was sentenced to a term of 235 months imprisonment. On appeal, she contends that (1) the district court erroneously failed to find that her pre-arrest rehabilitation warranted downward departure, (2) the district court erred in enhancing her sentence for reckless endangerment, and (3) *Apprendi v. New Jersey*, 530 U.S. 466 (2000), renders 21 U.S.C. § 841 unconstitutional. Because Carnegie executed a valid waiver of her right to appeal her sentence, we dismiss the appeal.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Our review of the plea agreement and the record of the plea colloquy reveals that Carnegie's waiver was knowing and voluntary. Moreover, the sentence did not exceed the statutory maximum penalty and there is no evidence that it was based on a constitutionally impermissible factor. *Marin*, 961 F.2d at 496. Therefore, we lack jurisdiction over the appeal.

Carnegie also claims that the sentencing scheme under § 841 is unconstitutional. We recently rejected this argument in *United States v. McAllister*, No. 00-4423, 2001 WL 1387341 (4th Cir. Nov. 8, 2001). We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*